## HOFFMAN v. ROMAN BATHS, Inc.

(Supreme Court, Appellate Term, First Department.   November 11, 1915.)

BAILMENT ⬉⟿31—LIABILITY OF BAILEE—LOSS OF GOODS—NEGLIGENCE.

    Where a patron of a public bath placed his money and jewelry in an envelope, sealing, signing, and placing it in an iron safety box, which he handed to the clerk of the establishment, who replaced it in its place in a cabinet in the wall and locked it in, returning the single key to the owner of the valuables, who, when he returned from his bath, opened the box and took therefrom the envelope, tearing off the top and discovering that a diamond stud was missing, the proprietor of the baths was not liable for the loss of such stud, since the facts proved were as consistent with a finding that the plaintiff lost the stud when he opened the envelope as with a finding that it was lost or stolen while in the proprietor's custody.

    [Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 124–131; Dec. Dig. ⬉⟿31.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by George Hoffman against the Roman Baths, Incorporated. Judgment for plaintiff, and defendant appeals.   Reversed, and complaint dismissed.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Rosenthal & Heermance, of New York City (S. Michael Cohen, of New York City, of counsel), for appellant.

Goldman & Schneider, of New York City (Charles Goldman, of New York City, of counsel), for respondent.

PAGE, J.   The plaintiff showed that he entered the defendant's bathing establishment, accompanied by three friends, and was given an envelope in which to place his valuables for safe-keeping.   He placed in the envelope $65 in bills, a watch and chain, a diamond locket, and a diamond stud, mounted upon a screw pin, and used as a cravat pin.   He sealed and signed the envelope and placed it in a small iron box, which had been handed to him for that purpose.   The clerk in charge of the valuables took the box containing the envelope and inserted it into a cabinet in the wall, locked it in its place, and handed the key to the plaintiff.   When the plaintiff returned from his bath, several hours later, he handed the key to the clerk then in charge of the valuables counter, who took the box from the cabinet and handed the box containing the envelope to the plaintiff.   The plaintiff took the envelope out of the box, tore the top of it off, and "poured" the contents into his hand.   The clerk told him his bill was $4.85.   He thereupon pulled off a $5 bill, and, looking at his valuables, said: "My stud is missing."   Thorough search for the pin was made, both inside and outside the counter; but it was not found.

The plaintiff's testimony as to having placed the stud into the envelope was corroborated by the three friends who accompanied him

On the other hand, the defendant's clerks testified that the envelope was locked into the box and the key given to the plaintiff, and that the box was unlocked by the key presented by him and handed to him intact. It was also shown that there were no duplicate keys or pass keys for the locks which secured the valuable boxes. The envelope in which the valuables were contained was placed in evidence, and shows no signs of having been tampered with, except the strip which the plaintiff tore off from the top when he opened it. The seal is intact. The learned trial justice upon this evidence granted judgment for the plaintiff for the value of the diamond stud pin.

The plaintiff, in support of the judgment, relies upon a familiar rule of law that where property is placed in the possession of a bailee, and the bailee fails to return it at the termination of the bailment, a presumption of liability arises. The facts proved, however, failed to bring the case within the principle relied upon. The plaintiff deposited with the defendant a package, sealed and signed, which contained certain jewelry and money. He received from the defendant the identical package, apparently intact. There is no evidence to show that the diamond stud was not in the package when it was returned to the plaintiff, and that it was lost while in defendant's custody. The package was not shown to have been in bad condition when received. It was placed in an iron drawer by the hand of the plaintiff, then taken out by him and torn open. The facts proved are far more consistent with a finding that the pin was flicked out of the package and lost on the floor by the hand of the plaintiff, when he tore the envelope open, or when he pulled his money out of his hand to pay the bill, as with a finding that it was lost or stolen while in defendant's custody. In fact, there was no evidence to explain the loss on either theory. Its disappearance was a mystery. No negligence or want of care on the part of the defendant was shown, and the facts were insufficient to charge it with liability.

Judgment should be reversed, with $30 costs, and the complaint dismissed, with costs. All concur.